# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| RICKY EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CV611-061 |
| WORLD FINANCE | ) |
| CORPORATION OF GA, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Ricky Evans brought this Fair Credit Reporting Act, 15 U.S.C.A. §§ 1681-1681x case against World Finance Corporation of Georgia. Doc. 1. This Court found his case flawed but gave him a chance to re-plead, by September 7, 2011. Doc. 5 at 6. It also directed him to

> identify any family or other relationship he may have with Milton Evans. His response, which shall also include a list of each and every lawsuit that he has filed to date (including the full caption of each, filing dates, what filing fees he's paid, and the current status of such cases) is due 14 days after the date this Order is served upon him. Failure to comply will subject him to Fed. R. Civ. P. 41 sanctions, which include dismissal. For that matter, the Court reminds him that Fed. R. Civ. P. 11 and other sanctions await anyone who brings baseless litigation before this Court.

*Id.* at 8.  He has failed to comply.  Accordingly, his case should be **DISMISSED** without prejudice on abandonment and disobedience grounds,[1] and defendant's reconsideration motion (doc. 6) is **DENIED** as moot.

---

[1] The Eleventh Circuit recently noted that

> the district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order. *See* Fed.R.Civ.P. 41(b); *Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005). The district court also has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice. *Donaldson v. Clark*, 819 F.2d 1551, 1557 n. 6 (11th Cir. 1987); *see also Betty K Agencies*, 432 F.3d at 1337.

*Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011).  In contrast,

> [d]ismissal *with* prejudice is a sanction of last resort, and only proper if the district court finds "a clear record of ... willful conduct and that lesser sanctions are inadequate to correct such conduct." *Zocaras v. Castro*, 465 F.3d 479, 483–84 (11th Cir. 2006) (quotation marks omitted). In contrast, dismissal without prejudice generally does not constitute an abuse of discretion, even for a single, relatively minor procedural violation, because the affected party may re-file his or her action. *See, e.g., Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (concluding district court did not abuse discretion in dismissing complaint without prejudice for failure to file court-ordered brief).

*Id.* (emphasis added); *see also* Fed. R. Civ. P. 41(b); Local Rule 41(b) (authorizing dismissal for neglect of any Court order); *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, No. CV491-277 (S.D. Ga. June 10, 1992).

SO REPORTED AND RECOMMENDED, this 21st day of September, 2011.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA